UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DENISE JACKSON,

                                        Plaintiff,

                                                                                          DECISION AND ORDER

                                                                                          19-CV-6765L

                v.

OFFICE OF PERSONNEL MANAGEMENT,

                                        Defendant.
_____


The *pro se* plaintiff in this case, Denise Jackson, filed a complaint and an application to proceed *in forma pauperis* ("IFP") on October 15, 2019. After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismissed the complaint without prejudice, based on the complaint's failure to state a claim. The Court also denied the IFP application because plaintiff's incompletely filled out IFP application form did not demonstrate economic need. (Dkt. #3.)

Regarding the complaint, the Court stated that "the plaintiff's complaint does not merely fail to state a claim; it fails to state anything at all." Other than the names of the parties and a statement that plaintiff wanted the Court to "[m]ake sure there is no Fraud on [some unspecified] policy" and to "give to Right person," the complaint gave no indication of what the claim is or what the case is even about. The Court gave plaintiff leave to replead, and explained that if plaintiff did file an amended complaint, it should contain a statement of alleged facts and the legal basis for plaintiff's claim.

Plaintiff filed an amended complaint, together with another IFP application. The Court granted the IFP application on April 7, 2021, and summonses were issued to the U.S. Office of Personnel Management ("OPM"), the U.S. Attorney, and the U.S. Attorney General. (Dkt. #6.)

On July 29, 2021, OPM filed a motion to dismiss the complaint for lack of subject matter under Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Dkt. #11.) Plaintiff has not responded to the motion. For the following reasons, defendant's motion is denied, but the complaint is dismissed.

As explained below, the amended complaint is so bare-bones that it is difficult to determine the precise nature or basis of the claim. But since OPM has moved to dismiss for lack of subject matter jurisdiction, which is a threshold matter in every case, the Court addresses that issue first.

Defendant construes the complaint as asserting a claim concerning the proceeds of a life insurance policy issued to Willa Mae Allen, who worked for the United States Postal Service from 1967 to 1975, when she began receiving disability annuity payments. Defendant states that in 2009, OPM received a designation of beneficiary form from Allen designating two beneficiaries, neither of whom is the plaintiff. Allen died in March 2018.

Defendant contends that the complaint must be dismissed because it arises under the Federal Employees' Group Life Insurance Act, 5 U.S.C. § 8701 *et seq.*, and Congress has not waived the United States' sovereign immunity with respect to such claims. While that is a correct statement of the law, at this point it is impossible to determine whether the instant complaint is subject to dismissal on that ground, because the complaint itself does not show that plaintiff's claim is as described by defendant. The complaint says nothing about where Allen worked, or about any specific life insurance policy. Those facts are alleged by defendant in their motion papers.

Though the Court has no reason to doubt the truth of defendant's factual assertions, that does not mean that I can *assume* them to be true at this juncture.  Although on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may refer to evidence outside the pleadings, *see Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000), at this point the facts relied on by defendant are contained only in OPM's attorney's declaration and memorandum of law.  If the facts are as described by defendant, then it appears the complaint would have to be dismissed for lack of subject matter jurisdiction for the reasons stated in OPM's motion, but at this point the Court cannot make that determination based on the record before me.

That does not save the complaint from dismissal, however.  Under 28 U.S.C. § 1915(e)(2), "the court *shall* dismiss the case at any time if the court determines that ... the action ... is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  (Emphasis added; formatting altered for clarity.)  *See also Strauss v. Kentucky Board of Medical Licensure,* 19-CV-6537, at *5, 2020 WL 1493963, at *5 (W.D.N.Y. Mar. 26, 2020) (dismissing *pro se* complaint under that standard).  It is plain that the complaint here must be dismissed for failing to state a claim upon which relief may be granted.

Even given the most generous construction, the amended complaint represents, at best, only a marginal improvement over the initial complaint.  Where the complaint form asks for "Basis of Jurisdiction in Federal Court," plaintiff states, "giving the Voluntary Administration find [sic] about Policy Insurance to inherit."[1]  Under "Nature of Suit," she states, "Policy Insurance Fund and value on it." (Dkt. #4 at 1.)

---

[1] The final word in that sentence is nearly illegible, but it appears to be "inherit."

In the "Statement of Claim" section of the form, plaintiff states that the defendant is "Office of Personnel Management, Agency," but where the form directs the litigant to state what the defendant is alleged to have done, plaintiff left that portion completely blank. She states that the federal basis for the claim is "about Insurance," and that for relief she is "seeking the Insurance fund of Willa Mae Allen who is deceased, she is Aunt, her niece." *Id.* at 4. Under "Summary of Relief Sought," plaintiff writes, "Seeking to collect the Insurance policy." *Id.* at 5.

The above recitation is not a summary of the contents of the complaint; it *is* the contents of the complaint, other than the parties' names and addresses.

That is wholly insufficient to state a claim. The complaint literally contains no allegations about anything that happened, much less shows that plaintiff is or even might be entitled to relief. All that can be gleaned is that the claim relates to some insurance policy for Willa Mae Allen, who was allegedly plaintiff's aunt. There is no explanation whatsoever for why plaintiff is bringing this claim against OPM, or what connection OPM has to any of this.

As the Court stated with respect to the initial complaint, "the complaint does not contain a cogent factual statement of any kind, let alone 'enough facts to state a claim to relief that is plausible on its face.'" (Dkt. #3 at 3) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is as true of the amended complaint as it was of the original complaint, and the complaint is therefore dismissed.

## CONCLUSION

Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) (Dkt. #11) is denied.

The complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 13, 2021.